IN THE MATTER OF EAST WINDSOR MUNICIPAL UTILI-
TIES AUTHORITY, PLAINTIFF-RESPONDENT, v. LIV-
SHA SHAPIRO, DEFENDANT-APPELLANT.

Argued September 28, 1970—Decided November 9, 1970.

*Mr. Paul Shepard,* a member of the New York Bar and attorney *pro hac vice,* argued the cause for defendant-appellant (*Mr. Daniel J. Lyons, Jr.,* attorney).

*Mr. Irving Friedman* argued the cause for plaintiff-respondent.

The opinion of the Court was delivered by

SCHETTINO, J. Plaintiff, a duly created public body exercising the power of eminent domain, *N. J. S. A.* 40 :14B–34, instituted this condemnation proceeding against defendant,

seeking to obtain an easement over a part of her property to construct a sanitary sewer system and water lines.

After complying with the pertinent statutory provisions, *N. J. S. A.* 40:14B–35, 36, 37, plaintiff moved for an order to show cause for the appointment of condemnation commissioners. On the return date of that order, defendant moved to dismiss plaintiff's complaint. Upon affidavits and oral argument, the trial court decided the parties' respective cross motions; it denied defendant's motion for dismissal of the complaint, and granted plaintiff's motion for the appointment of condemnation commissioners.

Defendant appealed to the Appellate Division. Charging that plaintiff had abused its condemnation powers and had acted fraudulently, in bad faith, and from improper motives, she contended that the instant condemnation proceeding constituted an arbitrary taking of her property without due process of law. She also argued that the trial court's action deprived her of a plenary trial before a jury on these issues.

The Appellate Division disagreed. In a *per curiam* opinion, it concluded that the trial court properly entered judgment for plaintiff. Explaining its finding that no genuine issue of material fact existed in the record, the Appellate Division noted:

> We have searched the record in vain for anything to support defendant's charges * * *. All we have are numerous assertions by counsel for defendant, principally as to matters of an engineering nature, without any supporting affidavits from experts. The only proofs in the record as to the need, location, and quality of easement required, come from plaintiff's experts.

The Appellate Division thus found that the trial court correctly determined that the evidence failed to disclose that plaintiff in the selection of its proposed route was motivated by fraud, bad faith, or other manifest abuse of its accorded power of eminent domain. *Texas Eastern Trans. Corp. v. Wildlife Preserves, Inc.*, 48 *N. J.* 261, 269 (1966); *City of Trenton v. Lenzner*, 16 *N. J.* 465, 473, 481 (1954), *cert.*

*denied,* 348 *U. S.* 972, 75 *S. Ct.* 534, 99 *L. Ed.* 757 (1955) ; *City of Newark v. N. J. Turnpike Authority,* 7 *N. J.* 377, 380, 382, 385, *appeal dismissed,* 342 *U. S.* 874, 72 *S. Ct.* 168, 96 *L. Ed.* 657 (1951).

From the unanimous opinion of the Appellate Division, defendant appeals purportedly as of right, ostensibly pursuant to *N. J. Const.,* Art. VI, § V, par. 1(a), and *R.* 2:2–1(a)(1), as presenting a substantial constitutional issue.

We have long held that an appeal as of right is maintainable only where the record reveals a substantial rather than merely a colorable question arising under the federal or state constitutions that has not been the subject of a conclusive judicial determination. *Essex County v. Hindenlang,* 24 *N. J.* 517 (1957) ; *State v. Radowitz,* 21 *N. J.* 428, *cert. denied,* 352 *U. S.* 856, 77 *S. Ct.* 86, 1 *L. Ed.* 2d 67 (1956) ; *Klotz v. Lee,* 21 *N. J.* 148 (1956) ; *Colacurcio Contracting Corp. v. Weiss,* 20 *N. J.* 258 (1955) ; *State v. De Meo,* 20 *N. J.* 1 (1955) ; *State v. Greenberg,* 16 *N. J.* 568 (1954) ; *State v. Caprio,* 14 *N. J.* 64 (1953), *cert. denied,* 347 *U. S.* 952, 74 *S. Ct.* 677, 98 *L. Ed.* 1098 (1954) ; *State v. Pometti,* 12 *N. J.* 446 (1953) ; *Starego v. Soboliski,* 11 *N. J.* 29 (1952).

We have defined the concept of substantiality with great particularity, saying,

> It is clearly not enough if the asserted question is only remotely or speciously connected to the constitution by the loose or contrived use of broad constitutional terminology. Shibboleth mouthing of constitutional phrases like "due process of law" and "equal protection of the laws" does not *ipso facto* assure absolute appealability.
> *     *     *     *     *     *     *
> In addition, there must appear indication of true merit from the constitutional point of view, *i. e.,* that the issue tendered is not frivolous and has not already been the subject of a conclusive judicial determination.

*Tidewater Oil Co. v. Mayor and Council of Carteret,* 44 *N. J.* 338, 342, 209 A. 2d 105, 106 (1965).

Defendant's constitutional points are palpably insubstantial. There was no right of appeal. Defendant was required to petition for certification. Had that course been taken, the petition for certification would have been denied because there is no merit in the issues defendant seeks to project. Had plaintiff moved before argument to dismiss the appeal, the motion would have been granted.

The appeal is accordingly dismissed.

*For dismissal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.